UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:18-cr-124-Orl-37GJK

SHAMEER HASSAN
_____

# ORDER

In this ancillary forfeiture proceeding, the United States moves to dismiss *pro se* third party Sandy Dhanpat's "Petition and Claim of Interest to Forfeited Property" (Doc. 378 ("**Petition**")) under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and 21 U.S.C. §§ 853(n)(2) and (3). (Doc. 385 ("**Motion**").) Recognizing Ms. Dhanpat's *pro se* status, the Court directed her to respond to the Motion by November 15, 2019 (Doc. 386), but she failed to do so. On review, the Motion is due to be granted.

## I. BACKGROUND

A jury found Defendant guilty of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), based on his participation in a Jamaican lottery scheme. (*See* Docs. 1, 184.) The United States successfully obtained a Court order requiring Defendant to forfeit $3,738,851 involved in the money laundering conspiracy under 18 U.S.C. § 982(a)(1). (Docs. 257, 264.) For partial satisfaction of that order, the Court then preliminarily ordered the forfeiture of Defendant's interest in real property at 4116 Baykal Ct., Kissimmee, FL 34746 ("**Property**") to satisfy the forfeiture order under 21 U.S.C. § 853(p). (Docs. 350, 351.) Following notice of the forfeiture, Ms. Dhanpat filed the

Petition, challenging the United States' forfeiture of the Property. (Doc. 378.) Ms. Dhanpat claims a superior interest in the Property and contends the Property is otherwise exempt from forfeiture as marital property held as a tenancy by the entirety and under "the codified innocent-owner doctrine." (*Id.*)

The United States now moves to dismiss the Petition, arguing Ms. Dhanpat doesn't hold a legal interest in the Property and has failed to state a claim for which relief can be granted. (Doc. 385.) Ms. Dhanpat failed to timely respond, so the matter is ripe.

## II. LEGAL STANDARDS

Ancillary criminal forfeiture proceedings provide third parties who claim their property interests have been forfeited in criminal proceedings the chance to challenge the validity of the forfeiture order and establish their ownership interests. *See United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009). Criminal and ancillary forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. *See United States v. Davenport*, 668 F.3d 1316, 1320–21 (11th Cir. 2012). Under § 853, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *See* 21 U.S.C. § 853(n)(2).

To challenge the forfeiture of property, the third-party petitioner must first show she has Article III and statutory standing. *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262–64 (11th Cir. 2006); *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543–45 (11th Cir. 1987). For Article III standing, the petitioner need not own the property; a lessor property interest, such as possessory interest, is enough. *Via Mat*, 446

-2-

F.3d at 1262. For statutory standing, "[t]he court must first determine whether the third-party petitioner has a legally sufficient interest in the forfeited property to give her standing to challenge the forfeiture." *United States v. Morales*, 36 F. Supp. 3d 1276, 1284 (M.D. Fla. 2014) (citations omitted). Section 853 "protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and 'bona fide purchases for value' without knowledge of the forfeitability of the defendant's assets." *United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (alteration in original) (quoting *United States v. Kennedy*, 201 F.3d 1324, 1328–29 (11th Cir. 2000)).

In an ancillary proceeding, a party may move to dismiss a petition challenging the forfeiture of property "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). If a motion to dismiss a third-party petition is filed before discovery or a hearing, a court should treat the motion like a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See Marion*, 562 F.3d at 1342 (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)). And a court may dismiss any third-party petition that fails to meet the pleading requirements without holding a hearing. *See, e.g.*, *United States v. Lima*, No. 8:09-cr-377-T-17TBM, 2011 WL 5525339, at *2 (M.D. Fla. Oct. 19, 2011) ("A hearing is not required prior to ruling on a motion to dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property." (citations omitted)), *report and recommendation adopted*, 2011 WL 5525354 (M.D. Fla. Nov. 14, 2011).

### III. ANALYSIS

The United States argues dismissal is warranted because: (1) Petitioner does not hold a legal interest in the property and thus lacks statutory standing to challenge the forfeiture proceedings; and (2) failed to state a claim for which relief may be granted. (*See* Doc. 385.) The Court considers each before addressing the Petition.

#### A. Statutory Standing

First is whether Ms. Dhanpat has standing to challenge the forfeiture of the Property. Conceding Ms. Dhanpat has Article III standing based on her possessory interest in the Property, the United States challenges Ms. Dhanpat's statutory standing only. (Doc. 385, pp. 6–10.) In assessing statutory standing, the Court decides "whether the third-party petitioner has a legally sufficient interest in the forfeited property to give her standing to challenge the forfeiture." *Morales*, 36 F. Supp. 3d at 1284 (citations omitted). The Court looks to state law to determine whether the petitioner has a legal interest in the forfeited property. *See United States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008) (per curiam) (citing *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007)). If the petitioner has an interest under state law, federal law controls whether the interest is superior. *Id.* (citing *Fleet*, 498 F.3d at 1231).

Ms. Dhanpat has no legal interest in the Property under Florida law. She doesn't hold title to the property, nor does she allege she does. (*See* Doc. 385-1; *see also* Doc. 378.) Ms. Dhanpat's claim is instead based on her alleged marital interest in the Property, calling it "marital property" and a "marital home." (Doc. 378, pp. 2, 4.) The United States disputes that Ms. Dhanpat and Defendant are legally married based on Defendant's

statements in the Presentence Investigation Report, the deed to the Property, and the Sentencing Mitigation Memorandum. (Doc. 385, p. 8 n.3 (citing Doc. 240, ¶¶ 76, 81; Doc. 385-1; Doc. 313, p. 5).) And neither Florida nor New York—where Ms. Dhanpat and Defendant began dating (*see* Doc. 240, ¶¶ 80–81)—recognize common law marriage. *See* Fla. Stat. § 741.211 (voiding common law marriages in Florida as of 1968); N.Y. Dom. Rel. Law § 11 (abolishing common law marriages after 1933). But even if Ms. Dhanpat were married to Defendant, marriage alone, without a title in her name, does not create a present interest in the Property.

Under Florida law, "marital assets" include those acquired during the marriage, either jointly or by a spouse individually. *See* Fla. Stat. § 61.075(6)(a). A statutory presumption exists that property acquired during marriage is "marital property." *See* Fla. Stat. § 61.075(8). But in Florida, "there is no legal interest in marital assets until a judgment vesting such interest has been entered in a divorce proceeding." *United States v. Kermali*, 60 F. Supp. 3d 1280, 1283 (M.D. Fla. 2014) (citations omitted). As Ms. Dhanpat does not allege she has been awarded any interest in a divorce proceeding—to the contrary, she says she is married to Defendant—and as she does not hold title to the Property, she has no legally recognized interest in the property. (*See generally* Doc. 378.) Thus, she lacks statutory standing to assert a claim in the forfeiture proceedings. *See Kermali*, 60 F. Supp. 3d at 1283–84. The Petition is due to be dismissed. *See id.* at 1284 ("A party may not petition the Court pursuant to § 853(n) if he or she does not assert a legal interest in the forfeited assets.").

**B.     Pleading Requirements**

Even if Ms. Dhanpat had a legally recognized interest in the property, her Petition would need to meet the pleading requirements of 21 U.S.C. § 853. For third-party petitions in ancillary forfeiture proceedings, § 853(n)(3) governs:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). To survive dismissal, "a third-party petitioner must offer enough detail about the nature and extent of his interest and the time and circumstances of his acquisition of that interest to allow the Court to determine whether the petition merits a hearing." *United States v. Pegg*, No. 7:97-CR-30 HL ALL, 2000 WL 34612651, at *3 (M.D. Ga. Nov. 9, 2000). A petitioner must provide more than conclusory allegations, such as claiming the property is a marital asset, to state a claim under § 853(n). *See Lima*, 2011 WL 5525339, at *3. These § 853 pleading standards are "vital . . . particularly in light of the substantial risk of false claims historically associated with forfeiture proceedings." *United States v. Yu*, No. 6:16-cr-0023-Orl-37GJK, 2016 WL 4803195, at *1 (M.D. Fla. Sept. 13, 2016). Failure to meet them warrants dismissal of the petition. *Id.*

Ms. Dhanpat's allegations in the Petition fall short of these standards. To assert a claim to the Property, she merely states she has a marital interest in the Property as "the home is marital property and . . . held as a tenancy by the entireties." (*See* Doc. 378, p. 2.) Although she calls Defendant her husband, she says nothing about whether she is legally married to him. (*See id.* at 4.) And most important, her Petition is silent on the extent of her interest and the time and circumstances of her acquisition of her right, title, or interest

in the Property. (*See generally* Doc. 378.) Given the unrefuted assertions that Ms. Dhanpat is not legally married to Defendant and does not hold title to the Property, her reliance on the conclusory contentions that she has a marital interest and holds an interest as a "tenant by the entirety" are not enough. *See Lima*, 2011 WL 5525339, at *3; *cf. Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 52 (Fla. 2001) (requiring that to hold property as a tenancy by the entireties, Florida law requires the parties to be married and the property to be titled in both names). Because Ms. Dhanpat has failed to satisfy the requirements of § 853(n)(3), the Petition is due to be dismissed. *See, e.g.*, *Yu*, 2016 WL 4803195, at *2; *Lima*, 2011 WL 5525339, at *3.

### C.    Ms. Dhanpat's Assertions

Last, given Ms. Dhanpat's *pro se* status, the Court will briefly address four of her contentions in the Petition, which all fail. First, Ms. Dhanpat claims the United States has not established a nexus between Defendant's offense and the Property, seemingly arguing *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), did away with forfeiture of substitute property under § 853(p). (Doc. 378, pp. 1, 3–4.) Not so. *Honeycutt* limited forfeiture judgments to proceeds the defendant himself acquired from the crime. *See* 137 S. Ct. at 1630. But it recognized that § 853(p) is a valid form of forfeiture when, as here, the tainted property is unavailable. *See id.* at 1633–34 ("Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in § 853(p).").

Second, Ms. Dhanpat argues the United States cannot forfeit the Property because "governing authority" says real property held by tenants in the entireties cannot be

forfeited when "less than all tenants are culpable." (Doc. 378, pp. 2–3.) This is incorrect. Even if Ms. Dhanpat had title to the Property and held it as a tenancy by the entireties, in a criminal forfeiture proceeding, the defendant's interest in marital property is subject to forfeiture as a substitute asset under § 853(p). *See Fleet*, 498 F.3d at 1232. Ms. Dhanpat's related assertions that Florida can protect the property regardless of the federal forfeiture laws and that *Fleet* "expressly did not decide the supremacy issue" likewise fail. (*See* Doc. 378, pp. 3–4.) *Fleet* held § 853(p) "preempts Florida's homestead exemption and tenancy by the entireties laws." 498 F.3d at 1232.

Third, although the Court appreciates the hardships Ms. Dhanpat and her family would face if the Property is forfeited, Ms. Dhanpat's shield of the innocent-owner defense doesn't hold. (*See* Doc. 378, p. 4.) "There is no innocent spouse defense to criminal forfeiture because the only property being forfeited is the interest that belongs to the defendant." *Fleet*, 498 F.3d at 1232; *see also id.* at 1231 ("[T]he criminal forfeiture statute involved in the present case contains no innocent owner exception." (citation omitted)). So even if the forfeiture would hurt Ms. Dhanpat, this doesn't preclude forfeiture. *Id.* at 1232 ("The fact that the innocent spouse . . . may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest." (citation omitted)). At bottom, the sole issue in ancillary proceedings is the validity of the alleged interest, not any resulting impact of the forfeiture. *See* 21 U.S.C. § 853(n)(2).

Fourth, to the extent Ms. Dhanpat's asserts that Defendant's pending appeal affects these ancillary proceedings (*see* Doc. 378, pp. 1–2), Defendant's appeal is of no moment here. Rule 32.2(d) authorizes the Court to proceed with ancillary proceedings

and determine any third party's rights or interests, even when, as here, the defendant has sought and obtained a stay of the forfeiture. *See* Fed. R. Crim. P. 32.2(d); (*see also* Docs. 388, 391). So Defendant's appeal does not bar the Court from ruling on the Motion or addressing the Petition. That said, no matter how the appeal resolves, the United States represents that its office's practice is to wait until the appeal is finally resolved before evicting any occupants or selling the property. (*See* Doc. 390, pp. 1–2.)

As Ms. Dhanpat failed to establish she has a legal interest in the Property and to satisfy the pleading requirements of § 853(n)(3), she lacks statutory standing to assert a claim and dismissal is warranted. *See, e.g.*, *Yu*, 2016 WL 4803195, at *2; *see also* Fed. R. Crim. P. 32.2(c)(1)(A). The Court will dismiss the Petition, finding no hearing required because of the deficiencies in the Petition.[1] *See, e.g.*, *Lima*, 2011 WL 5525339, at *2 (noting a hearing is unnecessary where the petitioner doesn't allege any legal right, title, or interest in the property), *report and recommendation adopted*, 2011 WL 5525354.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The United States' Motion to Dismiss *Pro Se* Third Party Petitioner Sandy Dhanpat's Claim (Doc. 385) is **GRANTED**.

2. Sandy Dhanpat's Petition and Claim of Interest to Forfeited Property (Doc. 378) is **DISMISSED**.

3. The Clerk is **DIRECTED** to mail a copy of this Order to Ms. Sandy Dhanpat.

---

[1] In the Petition, Ms. Dhanpat requests "not merely an evidentiary hearing, but a trial." (Doc. 378, p. 5.) But Rule 32.2 doesn't authorize a trial. *See* Fed. R. Crim. P. 32.2.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 25, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Petitioner Sandy Dhanpat